Gaston, Judge.
We see no error in this case, on which to reverse the judgment. The estoppel, which was attempted to be set up, does not vary from, that which was ineffectually urged in the former suit between the same parties. Hamlin v. Alston, Ante, Vol. I. p. 479. We then held, and we think held properly, that the act of 1806, (Rev. c. 701), having been enacted on purpose to exclude all -parol evidence of a gift of slaves, necessarily avoided every parol estoppel that might be set up to defeat its operation. The statute of limitations could not protect the defendant, for his adverse possession did not commence before the slaves were delivered over to him, at the end of the year 1831, and this action was instituted in April, 1834. To so much of the Judge’s instruction relative to the alleged award, as held — that if the jury could collect from the evidence, that the plaintiff and defendant had agreed to submit the matter now in controversy, to the decision of arbitrators, aftd the arbitrators had decided in favour of the defendant, such a decision was a bar to this *123 action, although the arbitrators did not know the terms of the submission, nor regard their decision as final — no exception could be taken by the defendant, for it is substantially such as he prayed for, and at least as favourable as he could have required. It is unnecessary for us, therefore, to examine into its correctness. We feel ourselves, however, bound to say, waiving altogether the inquiry, whether a parol submission could conclude the question of title, that if the instruction can be understood as holding, that if this question was submitted to the decision of the arbitrators, and the persons so appointed to decide, declined to render a judgment, but only declared an opinion upon it; or if, mistaking the subject submitted, they adjudicated, not on the controversy of title between these parties, but on the conflicting claims of the defendant and his deceased wife’s sister, so understood, we apprehend it would be erroneous. In the one case, there was no award; in the other, the award was not on the matter submitted. As to the residue of the instruction in relation to the award, we entertain no doubt of its correctness. If the letter E, addressed to Messrs. Womack and Ramsey, contains the terms of the submission, it is indisputable, that the question of title between the plaintiff and defendant was not submitted to adjudication. According to that letter, these gentlemen were called on as disinterested friends, to give their opinion to the plaintiff, on a matter which he conceived himself competent to decide, but which, from considerations of delicacy, he was unwilling, of himself, to determine how he ought to execute the painful duty which had devolved on him, of disposing of the negroes which he had given to his daughter, the wife of John B. Mebane, but which he had never conveyed, and which therefore remained, in law, Ms property, whether wholly in favour of the surviving child, or partly in favour of the husband of the deceased child of such son-in-law. No expression of opinion, by these gentlemen, in what form soever made, could be obligatory upon this submission.
If the defendant can avail himself of the implied election which was insisted on at the trial, it must be before a tribunal, competent to decide upon the equity of such eleo *124 tion. The principle of election, as here asserted, is a principle of equity, proceeding on the doctrine of an implied condition, of which a court of equity, in a proper case, will enforce the performance, by compelling the legatee, if he elects to take the bequest, to make compensation out of his own property to the disappointed legatees. In the will, there is no condition expressed, that if the plaintiff take the rifle, he shall relinquish these negroes to the testator’s children. Without stopping to inquire what would have been the effect of such a condition, had it been expressed, it is, in this case, clear, that the law has not taken away these negroes from the plaintiff, because he accepted of this legacy.
In regard to all that is stated in the case, as to the supposed mistake in the writ, it is enough to say, that the court had a discretion to amend the writ, and that we have no right to supervise the exercise of that discretion.
Per Curiam. > Judgment affirmed.